# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**AMBER E. MELERINE AND**                **CIVIL ACTION**
**ANGELA VALADEZ**

**VERSUS**                                      **NO. 17-1579**

**MIDWEST EXPRESS, INC.,**                **SECTION "S" (5)**
**IOBRAHEEM M. ABDELRAHMAN,**
**AND NEW YORK MARINE AND**
**GENERAL INSURANCE , INC.**

## ORDER AND REASONS

      **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. #5) is **GRANTED**, and this matter is **REMANDED** to the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of Louisiana.

## BACKGROUND

      This matter is before the court on plaintiffs' motion to remand. Plaintiffs argue that this matter should be remanded to the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of Louisiana because the Notice of Removal was untimely filed and not joined by all defendants. Defendants argue that the Notice of Removal was timely filed within 30 days of their receipt of "other paper" from which they could determine that the jurisdictional minimum amount-in-controversy was met, and that Midwest Express, Inc. was not required to consent to removal because it was never properly served.

      On February 24, 2016, plaintiffs, Amber E. Melerine and Angela Valadez, filed this action in the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of Louisiana seeking damages for injuries and property damage they sustained as the result of an automobile accident. Plaintiffs allege that on March 12, 2015, Melerine was driving a 2011 Chevrolet Tahoe owned by Valadez on highway LA 46 in St. Bernard Parish, Louisiana. Defendant, Iobraheem M.

Abdelrahman, was driving a 2007 Volvo tractor trailer owned by defendant, Midwest Express, Inc., and insured by defendant, New York Marine and General Insurance, Inc., on the same highway and tried to make a right turn when he struck the Tahoe's right fender blowing out the vehicle's tire. Plaintiffs allege that Abdelrahman was at fault for the accident. As to damages, Melerine alleges:

> That as a direct and proximate result of the above described negligence and resulting collision, [she] has sustained monetary losses in the form of medical bills incurred in her care and treatment including but not limited to past, present and future physical pain and suffering, mental anguish, inconvenience and aggravation, and other out-of-pocket expenses which will be shown at the trial of this matter.

> That as a direct and proximate result of the above described negligence and resulting damages, [she], suffered pain, mental anguish and has suffered severe and painful personal injuries, including but not limited to, her left arm, shoulder, ribs, an aggravation to pre-existing conditions, including but not limited to her back, neck and head which has exacerbated her memory loss, numerous contusions, etc. . . . causing her to seek medical attention.

Plaintiffs allege that Valadez's damages amount to $740.49 for rental car expenses.

Abdelraham and New York Marine were served with citations and copies of the original petition for damages on February 29, 2016, and March 16, 2016, respectively. A company named Midwest Express, Inc. was served with a citation and a copy of the original petition for damages on February 29, 2016, through its agent M. Ueoka at its office in Ohio. A different company called Midwest Express, Inc., which is organized under the laws of and maintains its principal place of business in Indiana, leased the vehicle and trailer being driven by Abdelraham at the time of the accident. The correct Midwest Express has not appointed M. Ueoka in Ohio as its registered agent for service of process, and has never been served with a citation and copy of the original petition in the matter.

On February 10, 2017, defendants' counsel wrote to plaintiffs' counsel inquiring whether plaintiffs would stipulate that the damages claimed by each of them do not exceed $75,000. The letter enclosed a "Binding and Irrevocable Stipulation as to the Amount in Controversy and Waiver[,]" seeking plaintiffs' affirmation that they would not attempt to recover more than $75,000 each in this litigation. The letter stated that if plaintiffs did not return the signed stipulation on or before February 15, 2017, defendants would file a Notice of Removal. Plaintiffs did not respond to the letter.

On February 24, 2017, Abdelrahman and New York Marine removed the action to the United States District Court for the Eastern District of Louisiana. The Notice of Removal stated that, although Midwest Express was not properly served, Midwest Express joined in and consented to the removal without waiving the formal requirements for service of process. The Notice of Removal stated that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because the plaintiffs and defendants are citizens of different states and there is more than $75,000 in controversy as to Melerine's claims.[1]

It is uncontested that there is diversity of citizenship. Plaintiffs are citizens of Louisiana. Abdelraham is a citizen of Illinois. New York Marine is a citizen of New York, where it is incorporated and maintains its principal place of business. Midwest Express is a citizen of Indiana, where it is incorporated and maintains its principal place of business. As proof of the amount Melerine's damages, defendants cite the allegations in the complaint and the plaintiffs' failure

---

[1] Defendants state that there is no evidence that Valadez's damages amount to more than the requested $740.49. However, only one plaintiff's damages need exceed the jurisdictional threshold. See Exxon Mobile Corp. v. Allapattah Servs., Inc., 125 S.Ct. 2611, 2620-21 (2005) ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, . . ., has original jurisdiction over that claim[,]" and it may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 when it is appropriate.).

respond to their request for plaintiffs to sign the "Binding and Irrevocable Stipulation as to the Amount in controversy and Waiver".

Thereafter, plaintiffs filed the instant motion to remand arguing that defendants' Notice of Removal was procedurally defective under 28 U.S.C. § 1446(b)(1) and (b)(2)(A) because it was filed more than 30 days after they were served with process and Midwest Express failed to consent to the removal. Defendants argue that the Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b)(3) because it was filed within 30 days of plaintiffs' failure to respond to their request for the stipulation, which defendants argues constitutes "other paper" from which they could determine that the jurisdictional minimum amount-in-controversy was met. Defendants also argue that Midwest Express, Inc. was not required to consent to removal because it was never properly served.

## ANALYSIS

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The federal district courts have original subject matter jurisdiction based on diversity of citizenship when the cause of action is between "citizens of different States" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). "Any ambiguities are construed against removal and in favor of remand to state court[,]" and "[t]he party seeking to remove bears the

burden of showing that federal jurisdiction exists and that removal was proper." <u>Mumfrey v. CVS Pharmacy, Inc.</u>, 719 F.3d 392, 398 (5th Cir. 2013) (citations omitted).

The time limits for removal are set forth in 28 U.S.C. § 1446(b).  Subsection 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  This 30-day time limit for removal "is triggered 'only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" <u>Mumfrey</u>, 719 F.3d at 399 (quoting <u>Bosky v. Kroger Tex., LP</u>, 288 F.3d 208, 210 (5th Cir. 2002)).

In cases where the time limit set forth in § 1446(b)(1) is not triggered, the action may become removable under § 1446(b)(3), which provides:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

In this case, the 30-day time limit for removal set forth in § 1446(b)(1) was not triggered because the original petition does not affirmatively reveal on its face that Melerine is seeking more than $75,000 in damages.  The allegations regarding her damages state that she incurred medical bills related to "severe and painful personal injuries" to her "left arm, shoulder, ribs, an aggravation to pre-existing conditions, including but not limited to her back, neck and head which has

exacerbated her memory loss, numerous contusions[,]" and that she seeks damages for "past, present and future physical pain and suffering, mental anguish, inconvenience and aggravation, and other out-of-pocket expenses." There is nothing in the complaint that affirmatively reveals that these damages would exceed $75,000. Thus, the issue is whether defendants properly removed the action under § 1446(b)(3).

Defendants argue that the plaintiffs' failure to respond to defendants' request that plaintiffs stipulate that plaintiffs' damages do not exceed $75,000 each constitutes the receipt of "other paper" under § 1446(b)(3). As stated above, § 1446(b)(3) allows a defendant to remove an action within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Items that constitute "other paper" for the purposes of § 1446(b)(3) include demand letters, answers to discovery, and appellate briefs. See Lipford v. Boehring Ingelheim Pharm., 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014) (citations omitted). Defendants' unilateral act of sending the stipulation is not the receipt of "other paper" that triggers the time limit for removal set forth in § 1446(b)(3) because plaintiffs did not engage in a voluntary act. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996) (holding that "the 'other paper' conversion requires a *voluntary act by the plaintiff*."); see also Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir. 1961) (in explaining that "other paper" requires a voluntary act of the plaintiff, the court specifically noted that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court"). Indeed, plaintiffs' failure to respond does not constitute defendants' *receiving* "other paper", and "[t]he mere failure to respond to a request for stipulation cannot be used as a basis for removal." McLain v. Am. Intern. Recovery, Inc., 1 F.Supp.2d 628, 631 (S.D. Miss. 1998). Because plaintiffs did not voluntarily send "other

paper" to defendants that shows that their damages exceed $75,000 each, and defendants have not pointed to any evidence outside of the complaint other than plaintiffs' failure to stipulate regarding the amount of plaintiffs' damages, § 1446(b)(3) has not been triggered, and this case was removed improperly. Plaintiffs' motion to remand is GRANTED, and this matter is REMANDED to the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of Louisiana.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. #5) is **GRANTED**, and this matter is **REMANDED** to the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of Louisiana.

New Orleans, Louisiana, this  12th  day of April, 2017.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**